Lawrence, J.
This case cannot be distinguished, in my opinion, in principle, from that of Gillot v. Esterbrook. In that case the court held that a manufacturer has the right to distinguish the goods manufactured by him, by any peculiar mark or device he may'select and adopt, by which they may be known as his in the market, and that he is entitled to the protection of a court of equity in the exclusive use of the peculiar mark or symbol appropriated by him, designating or indicating the true origin or ownership of the article to which they are affixed. In that case the plaintiff had impressed the figures “303” upon his pens, and the pens were put up in boxes with a label on top, containing the name of the maker and numerals, and the pens were known and ordered by dealers as 303 peris.
’ In the case at bar, the labels do not contain the name of the plaintiffs as makers, but the evidence satisfies me, beyond doubt, that the figures “35” were known to and recognized by dealers when employed as designating carte de visite mounts, as referring to the particular kind of card which was manufactured by the plaintiffs.
And under the authorities 1 am of the opinion that the plaintiffs have a trademark in those figures, and are entitled to be protected from its infringement by a court of equity (Gillot v. Esterbrook, 48 N. Y. 374; Kinney v. Basch, 16 Am. Law Reg. N. R. 596).
The case presented upon the trial of this action forces me to the conclusion that the defendants deliberately appropriated the figures “35 ” for the purpose of inducing the public to believe that the goods which *19 are offered for sale by the defendants are the goods of the plaintiffs. Judge Van Brunt, in the case last cited, has well expressed the rule which is applicable to such cases. The learned judge says: “If the use of any words, numerals or symbols is adopted for the purpose of defrauding the public, the courts will interfere to protect the public from such fraudulent intent, even though the person asking the intervention of the court may not have the exclusive right to the use of these words, numerals or symbols” (See Lee v. Haley, L. R., 5 Ch. App. 155; Wotherspoon v. Currie, L. R., 5 H. L. 508; Colman v. Crump, 70 N. Y. 573; Newman v. Alvord, 51 N. Y. 189; Enoch Morgan’s Sons Co. v. Schwachofer, 5 Abb. New Cas. 265).
I am of the opinion that the plaintiff is entitled to an injunction restraining the defendants from using the figures 35 in designating the cards made by them, whether upon the cards themselves, or upon the labels of their boxes, but on the proof before me I cannot say that there is such a resemblance between the boxes used by the defendants and the plaintiffs as will justify me in restraining the defendants from putting up their goods in drab-colored boxes after they shall have abandoned the use of the figures 35.