HEGEMAN & Co., Appellant, *against* THOMAS G. O'BYRNE, Respondent.

(Decided June 7th, 1880.)

The plaintiff had a right of trade-mark in a symbol which consisted of an eagle with outstretched wings, perched on a mortar in which rested a pestle, which device was used upon labels for medicinal preparations and other articles. *Held*, that the use of this symbol by the defendant as a prominent feature of labels for similar preparations and articles, was an infringement of the plaintiff's rights, although another name appeared

conspicuously upon such labels instead of the name of the plaintiff, and notwithstanding the fact that symbols of a similar nature were shown to be in general use by druggists and apothecaries for purposes of ornament.

APPEAL from a judgment of this court, entered upon findings of a judge on a trial without a jury.

The action was brought to restrain an alleged infringement by the defendant of a right of trade-mark claimed by the plaintiff. The facts are stated in the opinion of LARREMORE, J. Upon the trial before the court without a jury, the judge found for the defendant, and directed that the complaint be dismissed upon the merits, and judgment for the defendant was entered upon his findings. From the judgment the plaintiff appealed.

*Geo. F. Betts*, for appellant.

*James M. Fisk*, for respondent.

LARREMORE, J.—It was not disputed upon the trial that the firm of which William Hegeman was a member, had for many years used as a symbol or trade-mark upon the label affixed to its preparations "an eagle with outstretched wings, perched upon a mortar in which rested a pestle." Nor was it denied that in March, 1878, the corporation of Hegeman & Co., the plaintiff, was formed pursuant to the statute in such case made and provided, and that it acquired by sundry assignments all the property and effects of said firm, including the good-will of said firm, and all its right, title and interest in and to all trade-marks, preparations, labels and proprietary interests belonging to said firm. It also appeared that said trade-mark was recorded in the Patent Office of the United States pursuant to law, and duly registered therein, whereby the plaintiff claims a right to the exclusive use of the same for the period of thirty years, from December 4, 1877, the date of such registration.

The plaintiff in its complaint alleges that the defendant, knowing the premises and in utter disregard thereof, has wrongfully and fraudulently prepared and offered for sale

Hegeman & Co. *v.* O'Byrne.

medicinal preparations and other articles with intent to deceive and defraud the public and the buyers and consumers thereof, and has caused to be attached thereto, a label very similar to the plaintiff's, and containing thereon an imitation of its trademark, for which it asks damages and prays an injunction. The defendant claims that plaintiff never had any exclusive right to said trade-mark, as the same had been and was in general public use by druggists prior to such registration; that on or about February 24, 1876, the said firm of Hegeman & Co. sold and assigned to one Joseph H. Collins, the drug store owned by said firm, at No. 399 Broadway, including the fixtures, and the right to sell medicines and packages bearing the alleged trademark; and that the defendant has succeeded to and become lawfully possessed of all the rights of said Collins in the premises. Issues were joined and tried, and the complaint was dismissed. Judgment was rendered in defendant's favor and plaintiff appeals.

The learned judge who tried the cause placed his decision squarely upon the ground that there was no simulation of the trade-mark and consequently that there was no attempt or design to deceive the public on the part of the defendant. He bases his conclusion upon *Singer Manuf. Co.* v. *Wilson* (16 Moak Eng. 846, 847), and deduces therefrom the proposition that by reason of the conspicuousness of Collins' name upon the labels affixed to his preparations no one could be misled or induced to believe that a sale of another article or preparation was intended. The case upon which he relies was reversed by the House of Lords (38 Law T. Rep. 303), and the question involved is relegated to the authorities by which we have hitherto been controlled. These are so numerous and so well understood that the mere citation of a few of them will suffice for our present purpose (*Witherpsoon* v. *Currie*, 5 H. of L. 508; *Rose* v. *Loftus*, 38 Law T. Rep. 409; *Millington* v. *Fox*, 3 Mylne & C. 338; *Lea* v. *Wolf*, 13 Abb. Pr. N. S. 390; *Colman* v. *Crump*, 70 N. Y. 573).

Independent of plaintiff's right acquired by the registration, how stand the facts as disclosed by reputable witnesses on the trial? The plaintiff's testimony shows that for many years the

symbol hereinbefore described had been used by the firm of Hegeman & Co., or its assigns, as a trade-mark in nearly all their preparations. Collins, in his testimony, assumes this fact, and claims an assignment of the trade-mark for his benefit. But the sales and assignment to him conveyed no such right. The subsequent user by him and his vendee derives no warrant of authority from the purchase of the store fixtures and good-will of the premises No. 399 Broadway.

Contrasting defendant's testimony with this, the case is shorn of its fair proportions. Admitting that the symbol ornamented the doors of druggists and apothecaries, the question remains, what right had defendant to its use upon the label of his preparations? The line of his testimony in this respect was unsatisfactory. If he had nothing to gain by the use of " an eagle with outstretched wings, perched upon a mortar in which rested a pestle," why did he use it? He could have invented and constructed a new device, to which (as he claims) the name of Joseph A. Collins as an addendum would have been a sure passport to success. Distrusting, however, the use of that name alone as a surety, he employs plaintiff's symbol to further his object.

Upon the proofs and specimens presented it is apparent that the defendant has simulated the plaintiff's trade-mark and should be enjoined from its further use, and that the judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

VAN BRUNT, J.—The finding of the learned judge who tried this cause in the court below establishes a common-law right of trade-mark in the plaintiffs to the symbol alleged to be simulated by the defendants. His finding, however, that the label used by the defendants is in no respects an infringement of the right of the plaintiffs in their trade-mark does not seem to me to be supported by the evidence as presented in the case.

As the labels are there shown, the most prominent feature upon both is the eagle with outstretched wings, perched upon a mortar in which rests a pestle, and it is this device which would be the first to attract the attention of any purchaser.

Pictures are much longer retained in the mind than words, and a purchaser who had entirely forgotten the words upon a label will remember the device displayed thereon, and seeing the same device upon the label upon an article he will take it for granted that it is the same.

I think that the use of the symbol in the manner in which the defendants make use of it upon their trade-mark is a clear infringement of the plaintiff's rights.

Judgment should be reversed, new trial ordered, costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to abide event.