By the Court.—O’Gorman, J.
The action was tried at special term, without a jury.
The relief asked for by plaintiff was, (1) That defendants be enjoined from the use of the name “ Sweet Cap-oral ” on cigarettes; and (2) That they pay annually a royalty of „one cent a pound on two. hundred and fifty thousand pounds of tobacco.
The material facts are these : Charles Hornbostel, claiming to have invented a new process for treating and curing tobacco, assigned to his wife, the plaintiff, his right to a patent for the same, which had been applied for by him, and letters patent were issued to her therefor on May 1, 1879. In December, 1878, plaintiff had entered into an agreement in writing with defendant, Francis S. Kinney, whereby she granted to him the exclusive use of the said process during the continuance of the patent, and also agreed to provide him with materials necessary to enable him to make use of the patent. Kinney, on his side, agreed to pay her one cent a pound for every pound of tobacco treated by him by said process ; and should he fail to use the process in treatment of at least two hundred and fifty thousand pounds of tobacco annually, the license for the exclusive use of the process was to cease; but Kinney was still to have a license,—not exclusive,— to use the process in the manufacture of cigarettes and smoking tobacco. Subsequently, and, as it would appear, for better security to defendants, on March 16, 1879, the plaintiff conveyed to said Kinney the exclusive right to use the process in the United States.
*43 Charles Hornbostel had been in communication with Kinney on the subject of this process as early as October, 1878, and was making experiments therein. Kinney, at the time, was in the tobacco business, and selling a cigarette to which he had given the name of “ Caporal.” He proposed to call cigarettes made according to the Hornbostel process “ Sweet Caporal,” to which Charles Hornbostel assented, and cigarettes were made and sold by Kinney according to this process, under that title, up to December, 1879, and royalties were paid to plaintiff thereon.
In December, 1879, Kinney transferred his business to the “ Kinney Tobacco Company,” the other defendant, and about that time Kinney complained to Charles Hornbostel that the process did not work well, and was no good, and offered to return the assignment of the patent which plaintiff had given him, which offer Charles Hornbostel declined.
There is no evidence that, after that time, Kinney or the defendant company used the Hornbostel process, but they did sell cigarettes under the name of “Sweet Caporal.”
On these facts, there appears no cause of action against the defendants, or either of them. Defendant Kinney was not bound under his agreement to continue to use the Hornbostel process, but only to pay a royalty on such cigarettes as he should manufacture under the process ; and as to the defendants, the “Kinney Tobacco Company,” they entered into no agreement with plaintiff on the subject, and were under no obligations whatever to her. Plaintiff, therefore, has no legal claim on defendants, or on Kinney, for payment of royalties after December, 1879, when the defendants ceased to use the Hornbostel process.
As to the use of the word “Caporal” as a special name for cigarettes, it had been used by Kinney on cigarettes manufactured by him before he had ever used the Hornbostel process ; and as to the words “ Sweet Capo *44 ral,” there is no evidence of any agreement as to the use of that name specially on cigarettes treated under that process, or that either Charles Hornbostel or the plaintiff had any exclusive right to use such a name as a trademark. The word “ sweet,” added to the name “ Caporal ” formerly used by defendant Kinney on cigarettes of his own manufacture, was only a description of the quality of the article, which might be equally applied to cigarettes manufactured by others, and did not constitute a trademark to which any one could have an exclusive use (Godillot v. Hazard, 44 Super. Ct. 427 ; Coleman v. Crump, 70 N. Y. 573 ; Royal Baking Powder Co. v. Sherrell, 93 Ib. 331; Van Bill v. Prescott, 82 Ib. 630).
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., and Ingraham, J., concurred.