## MUNRO v. SMITH et al.

(*Supreme Court, Special Term, New York County.* October, 1888.)

LITERARY PROPERTY—NAMES—"OLD SLEUTH."

    Plaintiff published a series of books by "Old Sleuth," and others, designated as the "Old Sleuth Library," each book bearing a picture of a detective in disguise, purporting to represent "Old Sleuth." *Held,* that, while defendants, having the right to publish a book by the same author, may designate it as "By Old Sleuth," they will be enjoined from using plaintiff's picture of "Old Sleuth," or such an imitation thereof as will create a belief that the book is one of plaintiff's series.

Proceeding by George Munro to restrain Ormund G. Smith and others from infringing on plaintiff's right to a certain device, whereby he designated a series of publications.

*Roger Foster,* for plaintiff. *G. H. Adams* and *A. L. Sessions,* for respondents.

O'BRIEN, J. The word "Sleuth," in ordinary language, has a defined meaning, which in the dictionary is given as "the track of man or beast, as known by the scent." It appears that Mr. Halsey used this word in combination with the word "old" as his pseudonym in his first stories which were published by the plaintiff, under the title of "Old Sleuth," and they were accompanied by the figure of a man purporting to represent "Old Sleuth." Subsequently the plaintiffs, in connection with other publications, applied the name "Old Sleuth" to a series of stories. The defendants here have produced three books upon the trial, written by Mr. Halsey, and which on their face state that they were so written by the author of "Old Sleuth," and are also accompanied by the figure resembling the one originally placed upon the series published by the plaintiffs.

Whatever rights the plaintiffs derived from the publication of the "Old Sleuth" library, it would seem equally clear that Mr. Halsey, who adopted the title of "Old Sleuth" as his *nom de plume,* had the right subsequently to use the same as a writer of books. I do not see, therefore, how a person, having the right to publish a story written by Mr. Halsey, would not have the right to say that they were written by the author of "Old Sleuth" or by "Old Sleuth." The plaintiff, however, by the establishment of a series known as the "Old Sleuth Series," and the invention of the figure of an old countryman intended to represent a detective in disguise, acquired the right to designate his library or series of publications by that title and device, and to that right he is entitled to protection; and therefore, while, as to stories written by the author of "Old Sleuth," the description cannot be enjoined, but the manner or mode in which the name is used can be enjoined. An inspection of the device used by the defendant to designate his stories clearly shows that the intent of the defendant in adopting the style and device that he has adopted was to induce the purchasers to believe that the publications were part of the series published by the plaintiffs. "The manner of using the name is all that would be en-

joined, not the simple use of it; for every man has the absolute right to use his own name in his own business, even though he may thereby interfere with or injure the business of another person bearing the same name, provided he does not resort to any artifice or contrivance for the purpose of producing the impression that the establishments are identical, or do anything calculated to mislead." *Meneely* v. *Meneely,* 62 N. Y 431. "It is not necessary that the same figure or device used or printed and sold for use should be a *fac-simile* or precise copy of the original trade-mark, or so close an imitation that the two cannot be distinguished except by an expert, or, upon a careful examination, by one familiar with the genuine trade-mark. If the false is only colorably different from the true; if the resemblance is such as to deceive a purchaser of ordinary caution, or if it is calculated to deceive the careless or unwary, and thus injure the sale of the goods of the proprietor of the trade-mark,—the injured party is entitled to relief." *Colman* v. *Crump,* 70 N. Y. 578. The form of the title-page on the defendant's books is plainly an imitation of the device invented by the plaintiff for the designation of his series, and could have been adopted only for the purpose of inducing purchasers to believe that they were a continuation of the plaintiff's series, and is such as to deceive a purchaser of ordinary caution, and thus injure the business of the plaintiff by inducing the public who purchase the books to believe that they were purchasing the books of the plaintiff. Judgment is ordered for plaintiff. Findings and judgment to be settled on notice.