## STOKES *et al. v.* ALLEN *et al.*

*(Supreme Court, Special Term, New York County.　November 9, 1888.)*

TRADE-MARKS—TITLE—INJUNCTION.
　　Plaintiffs were publishers of a pictorial journal called "Life," and for some time had been reproducing in book form some of its pictures and literary matter, with the name of "The Good Things of Life."　Defendants, who had been connected with plaintiffs in the reproduction, commenced to print a book similar in appearance and character, containing pictures and matter from another journal, whose name was not given, calling it "The Spice of Life," by which people were deceived, thinking that the matter was from plaintiffs' journal.　*Held,* that defendants used the word "life" not in its ordinary sense, but with intent to deceive people into the belief that the matter in "The Spice of Life" was from the journal "Life," and plaintiffs having established the right to use the name "Life," as applicable to their reproduction, defendants will be enjoined from using it.

At chambers.　Action for injunction.

Frederick A. Stokes, Horace S. Stokes, John A. Mitchell, and Andrew Miller filed their complaint against Frank Allen and Joel P. White, to restrain the defendants from the use of the name "The Spice of Life" as the title of a book being published by them.

*Miller & Savage*, for plaintiffs.　*Wm. H. Townley*, for defendants.

BARRETT, J.　Two of the plaintiffs are the publishers of the weekly journal known as "Life."　These two have agreed with the other plaintiffs to

reproduce from "Life" and publish in book form, upon joint account, certain of its pictures and literary underlinings. For several years past these books have been thus published and sold under the title of "The Good Things of 'Life.'" The defendants, who were formerly in partnership with one of the plaintiffs, and engaged with him in publishing this reproduction, are now putting before the public a book very similar in shape and general appearance, which they call "The Spice of Life." This book is a reproduction of pictures and underlinings from another journal, but the name of that journal is not given. It is plain that the defendants' object is to make people believe that their book is a continuation of the plaintiffs' publication, and that it contains spicy extracts from the weekly journal "Life." I have examined the specimens carefully, and am persuaded that the word "life" is not used by the defendants in its ordinary, general sense, and that the statement to that effect is a pretense. Looking at the specimens, and considering the affidavits in connection therewith, it is clear that the defendants mean people to understand that they are publishing the spice of the newspaper "Life,"—in other words, the good things of the newspaper "Life,"—and it is equally clear that people do so understand and are being deceived. The variation in the defendants' book and title is just sufficient to give color to their claim of originality and good·faith, but insufficient to give substance thereto. The plaintiffs Mitchell and Miller have established the right to the use of the name "Life," as applicable to their journal, and that right cannot be infringed. So all the plaintiffs have established the right to the use of the same name as applicable to the reproduction, and that·right cannot be invaded. The case seems to be within the principles laid down in *Hier* v. *Abrahams*, 82 N. Y. 519; *Colman* v. *Crump*, 70 N. Y. 573; *Matsell* v. *Flanagan*, 2 Abb. Pr. (N. S.) 459, and the *Chatterbox Cases*, 21 Fed. Rep. 189, 27 Fed. Rep. 22, and 31 Fed. Rep. 154; and the injunction should be continued, with costs.