(58 Misc. Rep. 323.)

### MYRUP v. FRIEDMAN.

#### (Supreme Court, Special Term, Kings County.    March, 1908.)

INJUNCTION—USE OF LABOR UNION LABEL.
 A baker who uses a label which at a casual glance resembles that of a labor organization, though associated with distinguishing words or names, will be enjoined at the suit of the union from further use where the union has fully complied with Labor Law, Laws 1897, p. 466, c. 415, §§ 15, 16, in adopting its label.

Action by Andrew A. Myrup, treasurer of the Bakery and Confectionery Workers' International Union of America, against Mary Friedman. Motion for preliminary injunction granted.

Robert P. Bell, for plaintiff.
Francis B. Mullin, for defendant.

CRANE, J. The Bakery and Confectionery Workers' International Union of America is a labor organization in existence since 1890. Having adopted a label for use in union-made products, it amended the device in December, 1903, adopting the label shown by the exhibit used on this motion. The law (Labor Law, Laws 1897, p. 466, c. 415, §§ 15, 16) was fully complied with, and the organization became entitled to the privileges and protection of its provisions. For instance, the law gave it a greater privilege than could have been obtained under the common-law trade-mark decisions. Under the latter the use of a similar design or device by another would only be enjoined when the public were likely to be deceived thereby, and the resemblance was such as to deceive a purchaser of ordinary caution. Colman v. Crump, 70 N. Y. 573. But by the labor law the use of a colorable imitation of the device adopted is prohibited, even though by the use of other words

or names the public would not be deceived in believing that the products were union made; that is, the labor organization is entitled to the exclusive use of the label or device on all products of that nature which its members make, and others cannot use colorable imitations, even though associated with distinguishing words or names. The defendant for 2½ years has used a label also exhibited in the motion papers, which it is claimed is a colorable imitation of the labor union's device, and to enjoin the use of which this motion is made.

It is true that one has the words "Union Made" printed by the side of the device, and the other "Pure Rye Bread, M. Friedman, 104 Boerum Place, Brooklyn, N. Y." But the sole question, I believe, under the above statute, is whether the device is a "colorable imitation," and not exclusively whether the public will be deceived. If we closely compare the figures and parts of these two labels, it would be absurd to say that they are alike and cannot be distinguished, or even resemble each other; but, when taken as a whole at the distance a purchaser would usually be from displayed goods, the devices, by reason of position, shape, size, and general appearance, are so alike that one may fairly be said to be a colorable imitation of the other. A baker can easily find out from the Secretary of State's office, if not elsewhere, what the labor union device is, and there can be no reason whatever why he should not adopt for his own a shape or symbol so unlike as to cause no question. If he were the first to use the device, and the labor union subsequently adopted one similar, a very different question would arise. I cannot possibly see what harm can come to the defendant's business, as she uses her name on her labels, from changing the device so as to do away with this casual or general resemblance to that of the plaintiff's organization. Certainly there are emblems enough to go around to every individual baker, and room sufficient for defendant and her business, without clashing over the resemblance of labels.

There is no reason to believe that defendant sought to imitate the union label, and there is no proof of any attempt to deceive trade on her part, but that does not affect the question. Her label or device, confining my statement to the symbol, is like the plaintiff's in appearance at a casual glance, and I think she should change it.

Motion granted; no costs.