CHARLES S. CASH, INC., Appellant, *v.* ISAAC STEINBOOK and Another, Respondents.

First Department, May 20, 1927.

**Trade-marks and trade names — action to restrain defendant from infringing plaintiff's trade-mark and trade slogan — beneath plaintiff's trade-mark appear words " CASH'S mee-tee NUTS," and it has adopted slogan " Every good nut that grows "— said trade-mark and slogan are used extensively by plaintiff in advertising — defendant, which commenced business after plaintiff, has adopted same color scheme for front of stores — defendant's trade-mark is similar in form to plaintiff's with words " Steinbook's tas-tee NUTS " and it has adopted slogan " EVERY FINE NUT THAT GROWS "— plaintiff entitled to injunction — not necessary that attempted simulation should be identical to constitute infringement.**

The plaintiff is entitled to an injunction restraining the defendant from infringing on plaintiff's trade-mark and trade slogan. It appears that the plaintiff commenced business in 1912 by establishing a store for the exclusive sale of nuts; that the plaintiff now has many branch stores and does a large volume of business. The plaintiff adopted a color scheme for his stores of orange and blue and adopted and had registered in the United States Patent Office a trade-mark consisting of an oval, with an orange background and with a black and gilt border, upon which there appears at the left a wood elf, the branch of a tree, and beneath, the words " CASH'S mee-tee NUTS." The plaintiff also adopted and had registered the slogan " Every good nut that grows." The plaintiff has used the trade-mark and slogan extensively in its advertising. The defendant commenced business many years after the plaintiff and operates several retail stores for the sale of nuts, candies and kindred merchandise. The defendant has adopted the same color scheme for the front of its stores as that used by the plaintiff and has adopted a trade-mark consisting of an oval with a squirrel at the left and with the words " Steinbook's tas-tee NUTS " and beneath the oval uses the trade slogan " EVERY FINE NUT THAT GROWS." The evidence clearly indicates that the defendant is infringing upon plaintiff's rights and should be restrained. The contention by the defendant that it adopted its trade-mark and slogan without design to simulate plaintiff's trade-mark and slogan is not sustained by the evidence. The defendant's trade-mark and slogan in themselves indicate that they were adopted in simulation of plaintiff's trade-mark and slogan. It is not necessary that an attempted simulation should be identical to constitute an infringement.

APPEAL by the plaintiff, Charles S. Cash, Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 8th day of May, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

*Lewis F. Glaser* of counsel, for the appellant.

*Samuel Weiss* of counsel, for the respondents.

Merrell, J. The plaintiff, a domestic corporation, is engaged in the business of selling nuts at retail in the city of New York. Charles S. Cash, the plaintiff's president, began business as an individual in 1912 and was a pioneer in conducting a store for the exclusive sale of nuts in New York city. The plaintiff was incorporated in 1920 and succeeded to the rights, good will and business of Charles S. Cash, the individual. Since its incorporation the plaintiff has been continuously engaged in the business of retailing and jobbing nuts and candies in the boroughs of Manhattan and The Bronx, New York city. The plaintiff is also the owner of walnut and pecan groves in the State of Georgia. Since its organization the plaintiff's business has rapidly grown, and at the time of the trial the plaintiff conducted thirteen branch stores in the city of New York and two other stores were in contemplation. In 1925 the volume of plaintiff's business in all its stores amounted to $750,000. From $10,000 to $14,000 a year has been expended annually by the plaintiff in advertising its business, in metropolitan newspapers, in health culture and physical culture magazines, and other periodicals, and on theatre programs. On the interior of all of the plaintiff's stores the plaintiff has adopted a general color scheme of orange and blue. The name " Charles S. Cash, Inc.," and the slogan, in quotation: " Every good nut that grows," are printed as a sign about two feet in width and extending across and above the show window proper. On each of the plaintiff's show windows there appears an oval with an orange background and with a black or gilt border, upon which there appears at the left a wood elf, the branch of a tree, and, beneath, the words, " CASH'S mee-tee NUTS." The oval constitutes plaintiff's trademark and it and the slogan, " Every good nut that grows," have both been duly registered in the United States Patent Office at Washington. The color scheme of orange and blue, with the registered trade-mark and registered trade slogan, " Every good nut that grows " is used by plaintiff in all of its stores. The said trademark and slogan are also used by plaintiff on all of its advertising matter and on its boxes, bags, tins and other receptacles used in the sale and distribution of plaintiff's wares.

The defendant Steinbook's Nut Stores, Inc., was incorporated on September 24, 1925, the said defendant succeeding to the business of Isaac Steinbook, the individual defendant. The defendant, at the time of the trial, operated ten retail stores in the city of New York for the sale of nuts, candies and kindred merchandise. The defendant has adopted the same color scheme for the front of its stores as that in use by the plaintiff. The evidence shows that the defendant has also adopted a trade-mark similar in form to that in

use by the plaintiff, said trade-mark being oval in form with a squirrel at the left in place of the wood elf upon the plaintiff's trade-mark, and with the words, " Steinbook's tas-tee NUTS " appearing on said oval, and beneath the oval trade-mark the defendant had adopted the trade slogan, " EVERY FINE NUT THAT GROWS." The evidence does not show that either the trade-mark adopted by the defendant or the trade slogan has been registered in the United States Patent Office.

The plaintiff brought the present action to restrain the use by defendants in their several stores of a combination of blue and orange lettering in such combination as to constitute an imitation and simulation of the plaintiff's windows and store fronts, and that the defendants be restrained from using their said trade-mark and trade slogan in simulation of those used and registered by the plaintiff.

The defendant's president testified that the adoption by defendants of their color scheme, of their trade-mark and trade slogan so nearly similar to that used by plaintiff was purely accidental and was not done with a design of imitating the plaintiff's use thereof in any manner. Nevertheless, the court below found " That the defendants have consciously followed the example of the plaintiff and have adopted methods and practices similar to those of the plaintiff."

The justice presiding in the court below, in denying the plaintiff injunctive relief, rendered an opinion, in which he said: " My view is that the defendant did consciously follow the example of his older competitor and did adopt methods and practices similar to those of his successful rival. But I think he kept within his legal rights, although at some points coming dangerously near to crossing the line of legal safety." The reason given by the court below for refusing the plaintiff the relief sought was that upon store fronts of the defendant's stores there appeared in prominent type the defendant's name. In this respect the evidence shows that on two, at least, of the defendant's stores the defendant's name did not appear, and that the name upon other stores conducted by defendant was often obscured by awnings covering the name.

We are of the opinion that the acts of the defendants in appropriating the color scheme adopted by plaintiff and in adopting a trade-mark so nearly similar to the registered trade-mark of the plaintiff and in adopting the words, " EVERY FINE NUT THAT GROWS," so nearly like the plaintiff's registered slogan, " Every good nut that grows," the defendant clearly violated the plaintiff's rights, and that the court below erroneously refused to grant the plaintiff the injunctive relief which it sought. Notwithstanding the

disclaimer of defendant's president of any attempt to adopt the plaintiff's registered trade-mark or slogan, we are convinced that in substituting the hyphenated word, " tas-tee," the defendant intended to simulate the hyphenation, " mee-tee," appearing on the plaintiff's trade-mark, and that in adopting the slogan, " EVERY FINE NUT THAT GROWS," the defendant clearly intended to simulate plaintiff's registered slogan, " Every good nut that grows." The evidence shows and the court found " That the plaintiff by its long and continued use of the oval with the language underneath the same, ' Every good nut that grows,' has acquired the right to the exclusive use thereof as a trade mark," and " That the plaintiff by its long and continued use of the word ' Mee-Tee,' as used by the plaintiff, has acquired the right to the exclusive use thereof as a trade mark."

We are of the opinion that the defendants, by their said action, have clearly violated the plaintiff's property rights, and have been guilty of unfair competition, a continuance in which should be restrained. Not only should the court protect the plaintiff in its business rights, but the defendants, who have illegally attempted to take away their competitor's business by unfair means, should be restrained, and the public protected from deception. We are of the opinion that the adoption by the defendants of the plaintiff's color scheme and the simulation of the plaintiff's registered trade-mark and slogan clearly invaded the plaintiff's rights and are acts calculated to deceive the public. It is not necessary that the attempted simulation should be identical to constitute an infringement. (Colman v. Crump, 70 N. Y. 573; Luxor Cab Mfg. Corp. v. Leading Cab Co., 125 Misc. 764; affd., 215 App. Div. 798; Gotham Silk Hosiery Co., Inc., v. Reingold, 213 id. 237; Boyshform Brassiere Co., Inc., v. Modishform Brassiere Co., Inc., 205 id. 14.) In Colman v. Crump (supra) the Court of Appeals, by ALLEN, J., said (at p. 578): " It is not necessary that the symbol, figure, or device used or printed and sold for use, should be a facsimile, a precise copy, of the original trade mark, or so close an imitation that the two cannot be distinguished except by an expert, or upon a critical examination by one familiar with the genuine trade mark. If the false is only colorably different from the true; if the resemblance is such as to deceive a purchaser of ordinary caution; or if it is calculated to deceive the careless and unwary; and thus to injure the sale of the goods of the proprietor of the trade mark, the injured party is entitled to relief."

We are, therefore, of the opinion that the judgment appealed from should be reversed, with costs, and that the plaintiff, upon appropriate findings to be made by this court upon notice, should have judgment forever restraining the defendants from the use in

their several stores of the combination of the blue and orange lettering used n such combination as to constitute an imitation and simultation of the plaintiff's windows, and from their use of such trade-mark and trade slogan in imitation of that adopted by plaintiff, with costs.

DOWLING, P. J., FINCH and McAVOY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff as indicated in opinion, with costs. Settle order on notice.