LOUIS' RESTAURANT, INC., Plaintiff, *v*. FIE C. COFFEY, Doing Business under Assumed Name of "LOIS' RESTAURANT," Defendant.

Supreme Court, Niagara County, July 6, 1928.

Trade-marks and trade names — unfair competition — injunction pendente lite granted restraining defendant from using words "Lois' Restaurant."

The plaintiff has conducted restaurants for many years under the name of "Louis' Restaurant." Since 1913 it has conducted one of its restaurants in the city of Niagara Falls. The defendant, in the spring of 1928, filed a certificate to conduct a restaurant business on the same street on which plaintiff's restaurant was located under the assumed name of "Lois' Restaurant." In this action to restrain the defendant from using the title quoted, the plaintiff is entitled to a temporary injunction, since it is evident that the assumption and use of said name by the defendant constitutes unfair competition.

APPLICATION for injunction *pendente lite*.

*Cohn, Franchot, Runals & Robillard* [*Paul B. Cohen* and *T. Dewitt Dodson* of counsel], for the plaintiff.

*Michael J. Noonan*, for the defendant.

LYTLE, J. This is an application for an injunction *pendente lite* to restrain the defendant from using the name of "Lois'

Restaurant." It appears that twenty-three years ago one Louis Rosenbloom, formerly head chef of the Statler Restaurant in the city of Buffalo, N. Y., opened the first of a series of restaurants, which have since then been conducted by Mr. Rosenbloom personally, or by a corporation organized by him, in the cities of Buffalo and Niagara Falls, N. Y., each under the name of " Louis' Restaurant." These restaurants included one located at 535 Main street, another at 1200 Main street, in the city of Buffalo, N. Y., and a third which is now conducted at 103–107 Falls street, in the city of Niagara Falls, N. Y. The plaintiff's restaurant is situated on the south side of Falls street near First street, while the defendant's restaurant is on the north side of Falls street, approximately one and one-half blocks west of the plaintiff's restaurant, and one block east of the reservation overlooking the Falls of Niagara.

On or about July 7, 1913, the present Louis' Restaurant was opened in the city of Niagara Falls, N. Y., and in 1919 the same was enlarged and taken over by a corporation, the plaintiff herein, organized by Mr. Rosenbloom. It appears that in the city of Niagara Falls, N. Y., during the tourist season, other restaurant owners in the city of Niagara Falls advanced the prices, while the plaintiff's policy has been to serve the highest quality food at popular prices, without discrimination as to tourists or tourist seasons. It further appears that the plaintiff's restaurant has been extensively advertised in newspapers and on billboards at all the approaches to the city of Niagara Falls, and that the corporation has spent annually at least the sum of $5,000 for that purpose. A major portion of the business is done during the summer months, because of the large tourist trade enjoyed by the city of Niagara Falls.

The defendant's restaurant is located at 14 West Falls street. It appears that the defendant, Fie C. Coffey, has for the past five years been associated with her husband, Wellesley Coffey, in the operation of a restaurant known as Coffey's restaurant at 10 West Falls street in the city of Niagara Falls; that on the 19th day of May, 1928, the defendant filed a certificate to conduct a restaurant business at 14 West Falls street, two doors west of Coffey's restaurant, under the assumed name of Lois' Restaurant. The defendant has lettered the windows at her place of business as " Lois' Restaurant," which is situated on West Falls street, where tourists and other people going to see the Falls necessarily pass by it.

The defendant's contention upon the argument was that she selected the name of Lois' Restaurant, because she has a daughter, who is upwards of fourteen years of age, and who resides with her, by the name of Lois Arduin; that she did not select the name

of Lois' Restaurant with the intent or idea of injuring the name or reputation or business of Louis' Restaurant, the plaintiff herein.

The assumption and the use of the name of Lois' Restaurant by the defendant constitutes unfair competition, because of its close similarity to the name of Louis' Restaurant, under which the plaintiff's business has long been established and conducted. Unfair competition consists in passing off or attempting to pass off upon the public the business or goods of one person as and for the goods or business of another. It consists essentially in the conducting of a trade or business in such a manner that is either an express or implied representation to that effect.

The plaintiff is entitled to an injunction restraining the defendant from the use of the name of " Lois' Restaurant," because the name is so similar to the name under which the plaintiff conducts its business that the public may be confused, and that some persons may do business with the defendant in the belief that they are dealing with the plaintiff. The moving affidavits show that the plaintiff has built up a business reputation and good-will. The name under which a business is carried on is inextricably entwined with its reputation and good will. In the use of similar names, a true test is whether the resemblance is calculated to produce confusion as to identity and consequent damage. (*Eastern Construction Co.* v. *Eastern Engineering Corp.*, 246 N. Y. 459; *American Steel Foundries* v. *Robertson*, 269 U. S. 372.)

Resemblance here is very striking to the eye, even though the ear may find marked differences. (See *Weiss* v. *Tucker*, 129 Misc. 648, and *Ball* v. *Broadway Bazaar*, 194 N. Y. 429, to the effect that trade-names are protected very much upon the same principle as trade-marks.) " It is not necessary that the attempted simulation should be identical to constitute an infringement." (*Cash, Inc.*, v. *Steinbook*, 220 App. Div. 569, 572.) In *White Studio* v. *Dreyfoos* (221 N. Y. 46, 49): " ' The doctrine of unfair trade amounts to no more than this: One person has no right to sell goods as the goods of another, nor to do other business as the business of another, and on proper showing will be restrained from so doing.' (*Dyment* v. *Lewis*, 144 Iowa, 509, 513; 38 Cyc. 756; *Ball* v. *Broadway Bazaar*, 194 N. Y. 429, 435; *Munro* v. *Tousey*, 129 N. Y. 38; *Benevolent & Protective Order of Elks* v. *Improved B. & P. Order of Elks*, 205 N. Y. 459; *Weinstock* v. *Marks*, 109 Cal. 529; *Gulden* v. *Chance*, [C. C. A.] 182 Fed. Rep. 303.) Unfair competition may result from representations or conduct which deceive the public into believing that the business name, reputation or good will of one person is that of another. (*Glen & Hall Mfg. Co.* · v. *Hall*, 61 N. Y. 226; *Howard* v. *Henriques*, 3 Sandf. 725;

*Lee* v. *Haley,* L. R. 5 Ch. App. 155; *Holbrook* v. *Nesbitt,* 163 Mass. 120, 125; *American Tobacco Co.* v. *Polacsek,* [C. C.] 170 Fed. Rep. 117.)"

For a further discussion of unfair competition, see *Tierney Sons, Inc.,* v. *Tierney Bros.* (130 Misc. 428), and the cases cited herein.

An order, therefore, may be prepared accordingly for an injunction *pendente lite.*