MISS SUSAN, INC., et al., Respondents, *v.* ENTERPRISE & CENTURY UNDERGARMENT CO., INC., Appellant.

First Department, May 31, 1946.

*Edward R. Finch* of counsel (*George M. Welch* with him on the brief; *Irwin Isaacs,* attorney), for appellant.

*Milton N. Mound* of counsel (*Benjamin E. Lander* with him on the brief), for respondents.

COHN, J.   For several years prior to the institution of this action the parties were competitors engaged in the manufacture and sale of women's undergarments, including slips. In September, 1941, respondents designed a woman's slip, the distinguishing features of which made it somewhat unique. The trade-mark " Pace-Maker " was applied to the garment. A woven fabric label bearing the trade-mark was sewn on each slip. Respondents also caused to be attached to each garment a distinctive paper label showing the special features of the slip.

Respondents enjoyed much success with the " Pace-Maker " slip. The new product was nationally advertised by respondents and their customers. By October, 1942, approximately one million of the " Pace-Maker " slips had been sold.

During the spring of 1942 two employees of respondents resigned from their positions and entered the service of appellant. Shortly thereafter appellant began to manufacture a slip which had all the features of respondents' " Pace-Maker." Appellant called its slip " Joy-Maker " and commencing October 7, 1942, used this trade-mark on a paper label which in general effect and substance resembled respondents' paper label. Where respondents had the hyphenated trade-mark " Pace-Maker " on its label, appellant imitated it by placing the hyphenated trade-mark " Joy-Maker " in the same relative position on its label. A picture of a girl wearing the " Pace-Maker " slip appeared on respondents' label whereas appellant's label had a picture of two girls wearing the identically styled slip. The following twelve words, including the newly coined word " Flaire," were lifted by appellant from respondents' label and made part of its own label:

> " Slenderizing Waistline
> Divided Youthful Bustline
> Straight Cut Flaire Skirt
> Won't Ride Up "

When appellant started to market its slip with the infringing label, respondents' attorney sent a letter to appellant calling attention to respondents' rights and requesting appellant to

discontinue the use of the " Joy-Maker " trade-mark. Upon appellant's refusal this suit resulted.

Though respondents' " Pace-Maker " slip was an original design, the trial court correctly ruled that appellant would not be prohibited from copying it in all of its features and selling it in the open market in competition with respondents' garment, as respondents' garment was in the public domain. However, appellant could not deliberately simulate respondents' trade-mark with the intent to cause the consuming public to believe that the " Joy-Maker " slip was the same garment as that advertised and known as " Pace-Maker." Fairness in competition would require appellant to avoid marketing its slip in such a manner.

We think that upon the evidence, the court was fully warranted in finding that appellant's conduct in the manufacture and sale of its garment under the trade-mark of " Joy-Maker " was deliberately and fraudulently intended to enable retailers to pass off appellant's slip as that of the respondents. In the circumstances the judgment granting permanent injunctive relief and awarding damages was quite proper. (*Smith Co.* v. *American Pharmaceutical Co.,* 270 N. Y. 184, 187; *Colman* v. *Crump,* 70 N. Y. 573, 578; *Cash, Inc.,* v. *Steinbook,* 220 App. Div. 569, 572, affd. 247 N. Y. 531; *Lever Bros. Co.* v. *Eavenson & Sons, Inc.,* 288 N. Y. 627; *Warren, Inc.,* v. *Turner's Gowns, Ltd.,* 285 N. Y. 62, 67.)

Appellant questions the correctness of the account reported by the learned referee and approved by the court. In computing respondents' damages the referee included profits realized by appellant on the sales of its " Joy-Maker " garments beginning July 1, 1942, and ending May 1, 1943. Appellant urges that the referee erred by including profits from sales of slips obtained before October 7, 1942, and after the date of the conclusion of the trial of the action, namely, January 7, 1943.

The evidence as we view it established that appellant did not employ the objectionable label " Joy-Maker " in the sale of women's slips until October 7, 1942. It was not until that date that the " Joy-Maker " labels were printed and it was not until then that they were placed upon the slips sold by appellant. Appellant's profits on sales made prior to October 7, 1942, should accordingly be eliminated from the award of damages.

We think, too, that the referee erred in allowing respondents profits for garments sold by appellant after the trial and up to May 1, 1943. There is insufficient evidence to sustain a finding

that appellant continued to use the label "Joy-Maker" on garments which it sold after January 7, 1943. Appellant's profits from sales of slips made after that date should have been excluded.

In all other respects we rule that the findings of the referee, as approved by the court, including the method employed by him in determining respondents' damages, were correct and should not be disturbed.

The final judgment fixes the sums of $2,500 and $1,000 as the reasonable fees respectively for the counsel and the accountant engaged by respondents in connection with the reference to compute damages and directs appellant to pay these sums to respondents. There is no authority for such allowances. Costs and allowances are controlled entirely by statute and a successful litigant may recover only the costs so authorized. As a general rule, the taxable costs are deemed adequate recompense. Counsel fees and other expenses in conducting the suit, not included in the taxed costs, cannot be taken into consideration in assessing damages. (*Avalon Constr. Corp.* v. *Kirch Holding Co.*, 256 N. Y. 137, 145; *Lurman* v. *Jarvie*, 82 App. Div. 37, 45, affd. 178 N. Y. 559; *Lever Bros. Co.* v. *Eavenson & Sons, Inc., supra; Agostini* v. *State of New York*, 255 App. Div. 264, 267; *Rollin* v. *Grand Store Fixture Co., Inc.*, 231 App. Div. 47, 50; *Fine* v. *Clinton Realty Co., Inc.*, 105 Misc. 318, affd. 188 App. Div. 915; *Bishop* v. *Hendrick*, 82 Hun 323, 335, affd. on opinion below 146 N. Y. 398.) While the court is empowered at times to make additional allowances where the grant is sanctioned by statute, their imposition must be limited to such cases. (Civ. Prac. Act, §§ 1504–1521.)

The order and judgment appealed from should be modified by limiting respondents' damages to the profits on appellant's sales of "Joy-Maker" slips made between October 7, 1942, and January 7, 1943, and by eliminating the allowances for counsel and accountant's fees. As so modified, the order and judgment should be affirmed, with costs to appellant.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order and judgment unanimously modified by limiting respondents' damages to the profits on appellant's sales of "Joy-Maker" slips made between October 7, 1942, and January 7, 1943, and by eliminating the allowances for counsel and accountant's fees. As so modified, the order and the judgment are affirmed, with costs to the appellant. Settle order on notice. [See *post*, p. 1015.]