GEORGE MUNRO, RESPONDENT, v. ORMOND G. SMITH, GEORGE C. SMITH AND CORA A. SMITH, APPELLANTS.

*Trade-mark — in a figure, some of the peculiarities of which are used in each of the frontispieces of each of a series of publications.*

The use of a figure, in the pictures used as the frontispieces of the stories in a series of publications, certain peculiarities of which figure are presented in each of the different scenes illustrated by each of such frontispieces, does not create a trade-mark or exclusive right to the use of the figure.

APPEAL by the defendants from a judgment, entered in the office of the clerk of the county of New York on the 10th day of April, 1889, adjudging that an injunction contained in the interlocutory judgment theretofore entered in this action be continued forever, and that the plaintiff recover of the defendants the sum of $1,526.41.

*A. L. Sessions* and *George H. Adams*, for the appellants.

*Roger Foster*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to restrain by injunction, the use of a certain picture as well as the phrase " Old Sleuth, the Detective " or the word " Sleuth."

Upon the trial it was held that the plaintiffs were not entitled to the exclusive use of the name " Old Sleuth," and that the defendants were entitled to its use. The court also held that the picture of Old Sleuth upon the first number of the " Old Sleuth Library," published by the plaintiff, was a trade-mark of the plaintiff, and

that he had the exclusive right to the use of such picture; and that the acts of the defendants in publishing the said picture constituted an infringement of the plaintiff's trade-mark, and a reference was ordered to ascertain the damages sustained by the violation of the trade-mark in the picture. And from the final judgment entered upon the coming in of the referee's report this appeal is taken. The main question presented, then, is : Had the plaintiff a trade-mark in the said picture? A trade-mark has been defined to be a symbol, emblem or mark which the tradesman puts upon or wraps or attaches in some way to the articles he manufactures or causes to be manufactured for the purpose of distinguishing them from the productions of other manufacturers.

There is no question but that the plaintiff could have obtained a trade-mark in the picture in question for the purpose of distinguishing the series of books which he chose to call the " Old Sleuth Library." But it does not appear upon an examination of these publications that the picture in question was in any way intended to be a trade-mark or a symbol distinguishing this particular library. It is spoken of in the complaint as an illustration — as the frontispiece of the story; and in the subsequent publications it would appear that some peculiarities of this picture were represented by one of the figures among many appearing in pictorial illustrations of scenes depicted in these publications.

We fail to see upon what theory a trade-mark can arise out of the circumstances which are here mentioned. The illustrations were different in character, representing different scenes, and simply contained, as a more or less important feature, some of the peculiarities of the figure represented in the frontispiece of the series. In the other pictorial illustrations in which the character appeared, it was in connection with different characters, objects and scenes, and, therefore, appears to have been used as an illustration merely in the other stories of the Old Sleuth Library.

The picture or design which appeared as the frontispiece of the first story published never was attached to any other book or story, but in all instances was used as a frontispiece for the same book or story, and seems only to have been an illustration of that particular story. It never was used in connection with the subsequent numbers of the said library or any other stories, except, as has already

been stated, in pictorial illustrations, in which this same character appeared in connection with different characters, objects and scenes.

Now, it is clear, it seems to us, that no trade-mark can be established by any such proof as this. The whole design is changed with the requirements of each particular story, for the purpose of illustrating some incident of that story, and merely because a particular character may have been in each one of these stories in no manner changes the fact that these pictorial designs were intended as illustrations, and illustrations alone.

In order that a party may claim property in a trade-mark it must be a symbol or a design which in itself characterizes and distinguishes the particular goods to which it is attached. If it is so changed in general appearance, by reason of its surroundings, that it bears no longer any resemblance to the original symbol or design, it loses its characteristic as a trade-mark, because it loses its distinguishing features. It might as well be claimed that if an author put a felt hat upon a figure which was used as an illustration in one story, and used a similar felt hat for the covering of figures used in illustration of other stories written by him, nobody would have a right to use a felt hat upon a figure appearing in an illustration, because this was a trade-mark of this author tending to designate his particular work. And this is substantially all that is done or claimed to have been done by the plaintiff in this action. In the first story of the series he represented a figure in a particular dress. In subsequent stories he introduced a figure bearing some slight resemblance to it, in a different attitude, with different surroundings and conveying an entirely different impression; and he insists that he has the right to call that figure his trade-mark. We cannot see that upon any principle which governs the rights of parties to trade-marks the plaintiff can establish a trade-mark in illustrations in a book or story which he publishes. That must be protected by copyright, if at all.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Brady and Daniels, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellants to abide event.