RECKITT & SONS (LIMITED), Appellant, *v.* JAMES C. KELLOGG, Respondent.

*Imitation of packages in which goods are sold, restrained.*

Where in an action brought to restrain the defendant from putting up bluing for sale in packages similar to those which had been used by the plaintiff for nearly twenty years, it appears that, while a close examination would reveal several minor differences between the packages of the plaintiff and those of the defendant, the general appearance of the packages is such that one might not only be very easily mistaken for the other but would be quite likely to be so mistaken, and it also appears that several persons have been deceived into taking the defendant's goods when they desired to have the plaintiff's, it is no defense that the plaintiff has no special or peculiar right to use packages of the form and color and manner of marking in which it has been accustomed to put up its goods, especially where a consideration of the evidence leads to the conclusion that the defendant intended by such imitation to mislead purchasers.

· Appeal by the plaintiff, Reckitt &.Sons (Limited), from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of May, 1897, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint.

*Rowland Cox,* for the appellant.

*Isaac N. Miller,* for the respondent.

Rumsey, J.:

The plaintiff is an English corporation and a manufacturer of . bluing, whose goods have been on sale in the markets of the United States for a period of nearly twenty years. Since the year 1878 the plaintiff has put up what is known as block blue for sale in this country. This article was put up in packages called one-cube and two-cube packages, and the plaintiff had adopted certain labels and wrappers which had come to be recognized as distinctively used for its goods. The goods thus sold had acquired a well-known reputation in the market for superior excellence for the purposes for which they were intended to be used. The wrapper in which they were inclosed was peculiar in its color and markings and one which would naturally attract the attention of buyers.

The plaintiff complains that the defendant, who is also a dealer in bluing, has placed upon the market bluing in packages which resemble the packages of the plaintiff in size, shape, labels and general appearance, and that the resemblance is calculated to deceive and does deceive the public, and it asks in this action for an injunction restraining the defendant from putting up its article in packages which so closely resemble the packages heretofore put up by the plaintiff as to deceive unwary purchasers and to enable dealers to sell the packages of the defendant for those of the plaintiff. Upon the trial the plaintiff made proof tending, as it insisted, to establish its allegations, but at the close of the plaintiff's case the complaint was dismissed. The learned justice at Special Term held that there was no such similarity between the packages used by the plaintiff and the defendant respectively as would be likely to mislead persons who desired to purchase the plaintiff's goods into taking those of the defendant; and, because he thought that there was no prob-

ability of deception, he dismissed the complaint. No claim is made that the plaintiff had acquired a trade mark in the distinctive form or color of the package which it used, and while, therefore, the plaintiff did not have the right to the exclusive use of any particular form of package or color of wrapper, or manner of wrapping, and a mere general resemblance to the package used by it, not calculated to deceive, is not a wrong of which it has any right to complain (*Fischer* v. *Blank*, 138 N. Y. 244; *Croft* v. *Day*, 7 Beav. 84), yet it is entitled to be free from unfair competition; and if it shall appear that the defendant has so put up his goods that a comparison of the size and form of package and color of wrapper and distinctive style and color of the labels will show that the package so put up is likely to mislead the unwary and to induce persons to purchase the defendant's goods supposing they were the plaintiff's, the plaintiff would be entitled to restrain the defendant in the use of packages of that description, and especially would this be so if it should appear that the goods dealt in are purchased by people who are easily to be deceived. A comparison of the packages used by the two parties, respectively, shows a remarkable similarity in matters which are likely to catch the eye of the purchaser. The two-cube packages, as they are called, are put up in paper of precisely the same color; the packages are of precisely the same size; the plaintiff's package is surrounded by a label which covers two of the long sides and the two ends, and which is printed in a peculiar combination of colors. The labels upon the defendant's package are placed in the same way; the same colors are used in a similar combination; the printing upon his package is to a considerable extent the same as that of the plaintiff, and while a close examination reveals several minor differences, the general appearance of the package, even when held at arm's length, is such that one might not only be very easily mistaken for the other, but is quite likely to be so mistaken. The remarkable points of similarity exist in those things which are likely to catch the eye, while as to those matters which are not at first blush apparent there is upon examination a considerable dissimilarity. With regard to the one-cube package the resemblance is still more striking. The plaintiff's package is put up in a purple wrapper with printing on every side

of the package as the wrappers are folded. The paper in which the package is wrapped has printed upon it in addition to the usual labels a succession of black lines which are quite noticeable. The defendant's package is put up in the same size and form and wrapped in paper which in color might be the same as that of the plaintiff, slightly faded by exposure. The printing is in type of the same size, of practically the same form and arranged in the same manner upon the package, so that at a short distance the packages are almost precisely alike except that the paper of the one is slightly lighter in color than that upon the other. These imitations are so peculiar and striking that they cannot be the result of accident. It appears, too, that several persons have been deceived into taking the defendant's goods when they desired to have the plaintiff's and have not noticed the deception when the goods were sold to them.

The case is clearly one within the rules laid down in *Fischer* v. *Blank* (*supra*), and the facts establish the right of the plaintiff to be protected against the colorable imitation of his goods made by the defendant. Indeed, all this is hardly disputed by the defendant himself, but he bases his defense upon a claim that the plaintiff itself has no special or peculiar right to use packages of the form and color and manner of marking in which it has been accustomed to put up its goods. The defendant claims that before the plaintiff undertook the sale of these goods, other dealers were in the habit of selling the same kind of goods in the same sort of packages, put up in paper of the same color and with markings resembling those used by the plaintiff, and upon the argument he based his right to uphold the judgment which he obtained largely upon the existence of these facts. The trouble with the defendant's position is that these facts were not made to appear. It is not necessary to consider what would have been the rights of the plaintiff if it had been shown that some other person had been in the habit of putting up his goods in packages to which those of the plaintiff bore a close resemblance, because no such facts appear, and for that reason the defense failed in that particular. A careful consideration of the evidence leads to the conclusion that the defendant's manner of business was likely to deceive persons who had been in the habit of buying the plaintiff's goods, and to mislead them into taking the defendant's goods instead, and that it

was intended for that purpose, and for that reason we think the judgment of the court below should be reversed and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., BARRETT, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.