## DURO PUMP & MFG. CO. v. CALIFORNIA CEDAR PRODUCTS CO.

(Court of Appeals of District of Columbia. Submitted November 10, 1925. Decided February 1, 1926.)

No. 1764.

1. **Trade-marks and trade-names and unfair competition** ☞43—Registration of word "Duro" for pneumatic pressure systems precluded another's registration thereof on wall board materials.

Registration of trade-mark "Duro" for use in connection with pneumatic pressure systems and equipment by Duro Pump & Manufacturing Company, which advertised the word to extent that it became so identified with the corporation that its use designated the corporation, *held* to preclude another's registration of same mark for use on wall board, though possessed of different descriptive qualities.

2. **Trade-marks and trade-names and unfair competition** ☞44.

Alleged registrations, referred to in brief in opposition proceeding, but not mentioned in record, cannot be considered on right to register.

Appeal from the Commissioner of Patents.

Proceeding by the California Cedar Products Company for registration of a trade-mark, opposed by the Duro Pump & Manufacturing Company. From a decision granting registration, opposer appeals. Reversed.

W. L. Symons, of Washington, D. C., and H. A. Toulmin and H. A. Toulmin, Jr., both of Dayton, Ohio, for appellant.

C. E. Riordan, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in a trade-mark proceeding brought by the Duro Pump & Manufacturing Company, hereinafter called the Duro Company, and opposing the registration by the California Cedar Products Company of the word "Duro" as a trade-mark.

The Patent Office tribunals ruled that the goods of the respective parties possessed different descriptive properties, and that the word "Duro," having been written by applicant in such a peculiar way as not to constitute "merely" the distinguishing word in the corporate name of the opposer, was registerable.

[1] The predecessor of the Duro Company, or the Burnett-Larsh Manufacturing Company, early in January of 1916 adopted "Duro" as its trade-mark and extensively advertised the same. Its business was the manufacture and sale of pneumatic pressure systems for pumping, storing, and supplying water to residences, and included pumps, fluid pressure motors, explosive engines, and necessary electrical apparatus. This business soon attained large proportions, and the evidence showed that the mark came to represent and identify the product and the company. For this reason the Duro Company was incorporated in 1921 and took over the business, good will, and trade-mark of the old company. At that time the volume of business amounted to about $2,000,000 per year. Under the facts before us, the Duro Company was the originator of the mark "Duro."

The California Cedar Products Company alleges in its applications for registration that it adopted its mark in 1922, "for wall board in class 12, construction materials," which the company manufactures and sells in the same territory covered by the opposer. The president of the company testified that he "coined" the word "Duro" himself.

American Steel Foundries v. Robertson, Commissioner of Patents, and Simplex Electric Heating Co., 46 S. Ct. 160, 70 L. Ed. ——, decided January 4, 1926, in the Supreme Court of the United States, involved the right of the first-named company to register the mark "simplex"; the goods of the two

parties being of different descriptive properties. "The effect of assuming a corporate name," says the court, "by a corporation under the law of its creation is to exclusively appropriate that name. It is an element of the corporation's existence," and in some degree at least the natural and necessary consequence of a wrongful appropriation of that name is to injure the business and rights of the corporation by destroying or confusing its identity. The court further said: "Where the appropriation of the corporate name is complete, the rule of the statute, by its own terms, is absolute, and the proposed mark must be denied registration, without more; but, where less than the whole name has been appropriated, the right of registration will turn upon whether it appears that such partial appropriation is of such character and extent that, under the facts of the particular case, it is calculated to deceive or confuse the public to the injury of the corporation to which the name belongs. The fact, for example, that the articles upon which the mark is used are not of the same description as those put out by the corporation, is entitled to weight, since the probability of such confusion and injury in that situation obviously is more remote than where the articles are of like kind. The cases, naturally, present varying degrees of difficulty for the application of the rule."

It is apparent, from the language already quoted, that the Supreme Court did not intend to rule that identity of the descriptive properties of the goods of two parties was controlling, where one had taken for its mark the distinguishing part of the corporate name of the other. This is made even plainer in subsequent language of the court, as follows: "There may be, of course, instances where a single word in the corporate name has become so identified with the particular corporation that, whenever used, it designates to the mind of the public that particular corporation. But here it is not shown that, standing alone, the word 'Simplex' has that effect; that it is any more calculated to denote to the public the defendant corporation than any of the other corporations in the names of which it is likewise embodied; or, indeed, that it signifies the appropriation of some corporate name, though incapable of exact identification."

In the Simplex Case, the court observed that the word "Simplex" comprises the whole or a part of about 60 registrations, by nearly as many parties, upon many kinds of merchandise, that it formed part of the names of other corporations in the country, and hence did not identify any corporation in particular; that it merely was one of a large class of words which had been used for a great many years, because of their suggestive meaning, including such words as "Acme," "Anchor," "Champion," "Eureka," "Excelsior," "Ideal," "Jewel," "Liberty," etc. In the present case, when the California Cedar Products Company adopted the word "Duro" as its trade-mark, that word had "become so identified with the particular corporation" (the Duro Company) that, whenever used, it designated to the mind "that particular corporation." While the descriptive properties of the products of the two companies are technically different, both are used in residences, and under the evidence, we are constrained to the view that their concurrent use would tend to confusion of the identity of the Duro Company. If the California Cedar Products Company were permitted to use this mark, which has come to represent the Duro Company and its product to the public, other companies likewise might use it, with resultant loss of identity of the Duro Company.

[2] Appellee's counsel refers in his brief to certain alleged registrations in the Patent Office not mentioned in the record. Obviously, this attempt to supplement the record cannot avail here, where the case must be decided upon the record made below. What effect, if any, these alleged registrations would have had upon our decision, had they been of record, we need not and do not determine.

It results that the decision is reversed.

Reversed.