28 C.C.P.A. (Patents)

## FORST PACKING CO., Inc., v. C. W. ANTRIM & SONS.

### Patent Appeal No. 4462.

Court of Customs and Patent Appeals.

March 31, 1941.

Rehearing Denied June 9, 1941.

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for appellant.

Mason, Fenwick & Lawrence, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is a trade-mark opposition proceeding under the Trade-Mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 81 et seq., wherein the Commissioner of Patents of the United States Patent Office affirmed a decision of the Examiner of Trade-mark Interferences which sustained the notice of opposition of appellee to the registration of the mark applied for by appellant, viz., the mark "Mansion Brand," applied to "beef, bacon, bologna, frankfurters, and meat loaves consisting of a mixture of beef and pork."

Appellant brings before us for review this decision of the Commissioner of Patents.

Appellee's notice of opposition alleged prior use of the mark "Old Mansion" applied to "Coffee, Spices and Rice and kindred products"; that the goods of the parties possess the same descriptive properties, and that the mark sought to be registered by appellant is likely to cause confusion in the trade and in the mind of the purchasing public with the mark "Old Mansion" owned and used by appellee. Appellee also pleaded prior registrations of its mark applied to coffee, teas and spices.

Appellant's answer denied that the goods of the parties are of the same descriptive properties, and denied confusing similarity in the marks of the parties, as applied by them.

The issues were submitted upon stipulations of fact wherein it is stated, in the stipulation for appellant, that appellant is engaged at Kingston, N. Y., in processing and selling meats, pork, making meat loaves, sausages, etc.; that it has used the mark "Mansion Brand" upon its goods since January 1, 1937; that its business extends throughout the States of New York, Connecticut, Massachusetts, and the upper section of New Jersey, and that it offers its goods to dealers through personal solicitation of its salesmen and representatives.

The stipulation for appellee states that it has used its trade-mark "Old Mansion" applied to coffee continuously since May 27, 1910, applied to spices since September 13, 1923, and applied to tea and rice since July 7, 1924.

The Examiner of Interferences held that the goods of the parties to which the respective marks are applied possess the same descriptive properties, and that the mark of appellant so nearly resembles that of appellee as to be likely to cause confusion or mistake in the mind of the public.

The commissioner concurred in the views of the Examiner of Interferences, and upon the question of whether the goods of the parties to which their respective marks are applied possess the same descriptive properties, stated that if the question were one of first impression he would be inclined to hold that the goods of the parties were not of the same descriptive properties, but that he deemed himself controlled by our decision in the case of Tetley & Co., Inc. v. Bay State Fishing Co., 82 F.2d 299, 300, 23 C.C.P.A., Patents, 969 (in which it was held that fish and tea possess the same descriptive properties), and that in his opinion no distinction could be made in that regard between fish and the meat products of appellant. The commissioner further held that the disclaimed word "Brand" of appellant's mark is obviously incapable of trademark significance, and that the notations "Mansion" and "Old Mansion" are, in legal contemplation, substantially identical.

We have no doubt that at least certain of the goods to which appellant's mark is applied possess the same descriptive properties as do the goods to which appellee's mark is applied.

Specimens of appellant's mark as used are contained in the record; one of them shows that the mark is applied to sliced bacon in a package having a net weight of eight ounces. While there is no evidence that appellant's goods are sold in the same stores and to the same class of people as are appellee's goods, it is stipulated that appellant's goods are sold to dealers, which implies a resale by them to the public, and we think it is a matter of common knowledge that sliced bacon in packages is sold in the country stores throughout the country, and in delicatessen stores in cities, over the same counters and to the same class of people as are appellee's goods.

578

In the case of Tetley & Co., Inc. v. Bay State Fishing Co., supra, we said: "Fish, generally, are food products, and are commonly sold in stores and delicatessens where tea is also sold. This is especially true of fish in cans, and it is believed that confusion might reasonably result in the mind of the purchaser where canned tea and fish, especially canned fish, were exhibited for sale side by side."

Also, in Revere Sugar Refinery v. Salvato, 48 F.2d 400, 18 C.C.P.A., Patents, 1121, we held that certain meat products, canned vegetables, canned fish, and other grocery products were of the same descriptive properties as sugar, all of the goods mentioned being sold in the same stores.

While appellant cites many early cases of the Court of Appeals of the District of Columbia in support of its contention that the goods here involved are not of the same descriptive properties, we would observe that the interpretation of the term "same descriptive properties" has been greatly enlarged in recent years, not only by this court, but by the United States Court of Appeals for the District of Columbia and practically all of the other Federal courts, and many of the early decisions cited by appellant are no longer followed.

It is true, however, that while the goods of the parties possess the same descriptive properties within the meaning of that phrase as used in the Trade-Mark Act, they are different and the marks of the parties are not identical. Therefore the question of confusing similarity of the marks must be determined. That the word "Mansion" is the dominant part of both appellant's and appellee's mark cannot be doubted. It is the part of the marks which clearly would register in the minds of purchasers of goods bearing either the mark "Mansion Brand" or the mark "Old Mansion."

■ The question, then, is, would purchasers familiar with appellee's mark, applied to coffee, tea, spices and rice, upon seeing the mark "Mansion Brand" applied to sliced bacon, for instance, be likely to ascribe origin of such bacon to appellee. We think this question must be answered in the affirmative. As stated by the commissioner, the disclaimed word "Brand" of appellant's mark is, by itself, obviously incapable of trade-mark significance, and while appellant's mark must be considered as an entirety, it is the dominant portion thereof—"Mansion"—that is really significant of origin; and we think that purchasers familiar with appellee's long-established mark, upon hearing spoken the words "Mansion Brand" applied to packaged meat products, or seeing it upon such products, would be, to say the least, confused as to the origin of the goods to which the mark "Mansion Brand" was applied.

Appellant relies upon our decision in the case of Cracker Jack Co. v. Blanton Citrus Growers, Inc., 81 F.2d 553, 554, 23 C.C.P.A., Patents, 925, wherein the question was whether citrus fruit and a popcorn confection were goods of the same descriptive properties. We held they were not, and in our opinion stated: "* * * We think no one purchasing citrus fruits to which appellee's mark is applied would be likely to conclude that they had the same origin as the popcorn confection to which appellant's mark is applied. * * *"

In the case at bar we think it very natural for purchasers to conclude, upon seeing appellant's mark "Mansion Brand" applied to packaged bacon or other packaged meat products, that its origin was in appellee, appellee having long used the mark "Old Mansion" upon such varied products as coffee, tea, spices and rice.

For the reasons herein stated, the decision of the commissioner is affirmed.

Affirmed.