FORD MO OR CO. v. FORD INSECTICIDE CORPORATION et al.

Civ. No. 6090.

District Court, E. D. Michigan, S. D.

Feb. 17, 1947.

Thomas J. Hughes, of Detroit, for plaintiff.

Elmer J. Cousino, in pro per, and for other defendants.

KOSCINSKI, District Judge.

This is a motion by plaintiff for Summary Judgment against the defendants pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint filed November 19, 1946, alleges unfair competition and trade-mark infringement and prays that defendants be enjoined from using the name "Ford" both

as a trade-mark and as part of the corporate name of the defendant, Ford Insecticide Corporation. At the hearing on this motion plaintiff waived any right it might have for an accounting of profits and damages and merely sought the injunctive relief prayed for in the complaint. The answer admits all of the material allegations of the complaint, with the exception that the defense is made that plaintiff does not have the right to the exclusive use of the name "Ford"; first, because defendants' goods are not sold in competition with any of plaintiff's products and further are not used for the same specific purpose; second, because there are other concerns using the name "Ford" and some thousands of persons throughout the United States, including a stockholder of the defendant corporation, who have the surname "Ford"; and, third, because plaintiff's name is registered in the United States Patent Office in script lettering and is so used by plaintiff, whereas defendants' mark is employed in plain block type lettering.

It abundantly appears from the pleadings, affidavits and exhibits on file in the case, as well as from the statements and admissions made in open court by Elmer J. Cousino (president of the defendant corporation, who in fact was and is the dominant figure who conducts and carries on the business activities of the said corporation) that there is no genuine issue as to any material fact. Consequently the defenses above mentioned are wholly without merit.

■ The defendant corporation filed its Articles of Incorporation at Lansing approximately 10 months prior to the time of the filing of the complaint, whereas the defendants admit in their Answer that plaintiff has been in business for more than 40 years. Defendants admit that the plaintiff during this time has been manufacturing and selling motor cars, trucks, tractors, plows, cultivators, airplanes, farm and garden fertilizers, sulpher and creosote. In addition, plaintiff's undisputed affidavits show that it markets charcoal, coke and motor fuel. All of these goods were marketed by plaintiff under its trade-mark "Ford". Defendants sell insecticides upon which they prominently display the name "Ford". Although none of the plaintiff's goods are of the same species as defendants' insecticides, still the farm and garden fertilizers of the plaintiff are so related in consumers purchase and use of them that it is difficult to comprehend how the purchasing public would not be deceived, particularly since, as plaintiff's affidavits show, the plaintiff's fertilizer and the defendants' insecticide are sold from the same stores for ultimate use by consumers upon their lands—the fertilizer as an aid to soil productivity and the insecticide to rid that soil particularly of weeds, ants and mosquitoes. Under the circumstances it is mere sham and subterfuge for defendants to contend that because the goods are not identical in all respects the defendants have a right to continue the use of the name "Ford" to designate their products. Both the United States Patent Office and practically all Federal Courts now recognize that the goods of parties litigant do not have to be of the identical descriptive properties before a trespasser can be prevented from using a long-established and well-known trade-mark. This because the courts recognize that the general public must be protected from deception and confusion. Forst Packing Co., Inc. v. C. W. Antrim & Sons, 1941, 28 C.C.P.A. (Patents) 1005, 118 F.2d 576; Duro Pump & Mfg. Co. v. California Cedar Products Co., 1926, 56 App.D.C. 156, 11 F.2d 205; Schering & Glatz v. Sharp & Dohme, 1945, 32 C.C.P.A. (Patents) 827, 146 F.2d 1019; Yale Electric Corp. v. Robertson, 2 Cir., 26 F.2d 972; Vogue Co. v. Thompson-Hudson Co., et al., 6 Cir., 300 F. 509; Wall v. Rolls-Royce of America, 3 Cir., 4 F.2d 333.

■ Not only did defendants' labels boldly display the name "Ford" thereon, but examination of the defendants' advertising matter, attached as Exhibit 13 to its Answer, shows that defendants very prominently and conspicuously displayed the name "Ford" therein with either no reference whatsoever to the producers or, if mention of the latter was made, it inconspicuously appeared therein; and, the fact that some of these advertisements prominently and conspicuously referred to the spraying of Ford Field with defendants' product and to Henry Ford's birthday party lends material strength to the conclusion

that defendants manifestly sought to capitalize on the established good will of the plaintiff's name "Ford".

Likewise without merit are the defenses (1) that others are using or have the surname "Ford", (2) that defendants are using the name of one of its stockholders and (3) that the plaintiff's "Ford" name is displayed in script type while the defendants' name is displayed in block type. Obviously it is no excuse or defense that others have been and are using the same name, for a wrong cannot be redressed or condoned by a wrong done by others. Acme Chemical Co. v. Dobkin, D.C., 68 F.Supp. 601.

That a stockholder whose surname is "Ford", who in the 69th year of his life associated himself with the defendant corporation as a mere stockholder and after deliberation the officers of that corporation elected to use his surname, presents the weakest sort of justification for the use by defendants of the name "Ford" either as a trade-mark or as part of the corporate name of the defendant. This is particularly so since plaintiff's "Ford" name has for many years, nearly half a century, been so widely and extensively known and used. Ford Motor Co. v. C. N. Cady, Inc., 124 Misc. 678, 208 N.Y.S. 574; Pease et al. v. Scott County Milling Co., D.C., 5 F.2d 524; Champion Spark Plug Co. v. Champion, D. C., 23 F.Supp. 638; Phillips v. The Governor & Co. of Adventurers of England Trading Into Hudson's Bay, 9 Cir., 79 F.2d 971; National Distilling Co. v. Century Liquor & Cigar Co., et al., 6 Cir., 183 F. 206.; Alfred Dunhill of London, Inc. v. Dunhill Shirt Shop, Inc., D.C., 3 F.Supp. 487.

That the marks "Ford" are not displayed in the same type of letters by the parties avails defendants nothing, for the fact remains that the affidavits of the plaintiff uncontradictedly show that the plaintiff also widely and extensively uses its name "Ford" in block type similar to that used by defendants. But aside from this immaterial difference the name "Ford", as used by both parties, is identical in spelling and sound, and in radio advertising or in the purchase of the parties' products bearing the "Ford" name, the speaker would always pronounce it the same.

Although the answer admitted the extensive business of the plaintiff since its organization in 1903 and the use of the name "Ford" in such business, the defendant corporation by its president in open court, upon this motion, also admitted that the "Ford" name of plaintiff is a name which has acquired great and favorable publicity throughout the country. There could be no dispute about this, for several cases decided since 1917 have recognized that the plaintiff's name "Ford" is not only a distinctive and widely-known name, but one of immense value to the plaintiff and consequently will be broadly protected in all cases where damage is likely to be inflicted by unauthorized use or where deception or confusion of the public mind is likely to result. Ford Motor Co. v. Benjamin E. Boone, Inc., et al., 9 Cir., 244 F. 335; Ford Motor Co. v. C. N. Cady, Inc., supra; Pease et al. v. Scott County Milling Co., supra; Champion Spark Plug Co. v. Champion, supra.

Clearly, plaintiff has shown that confusion has existed respecting the origin of defendants' products, but aside from this, this Court is satisfied that the name "Ford" was used by defendants in this case advisedly with the intention of gaining some advantage because of the good will already established by plaintiff in its long continued use of the name "Ford". The necessary and probable tendency of defendants' conduct is to deceive the public and pass off their goods as those of plaintiff. Wisconsin Electric Co. v. Dumore Co., 6 Cir., 1929, 35 F.2d 555; O. & W. Thum Co. v. Dickinson, 6 Cir., 1917, 245 F. 609; Yale Electric Corp. v. Robertson et al., 2 Cir., 26 F.2d 972.

Under the above circumstances, I am of the firm conviction that the pleadings, affidavits, exhibits and admissions of record in this case affirmatively show that there is no genuine issue as to any material fact and therefore the plaintiff is entitled to a judgment as a matter of law under Rule 56 of the Rules of Civil Procedure. It follows that plaintiff's Motion for Summary Judgment is granted, and judgment prayed

for, as amended, should be entered, enjoining and restraining the defendants from using the name "Ford" as a trade-mark, as well as in its corporate name. As plaintiff has waived any right it might have to an accounting for damages and profits, no damages or profits are awarded to plaintiff.