47 CCPA

**CHICAGO PHARMACAL COMPANY, Appellant,**

v.

**AMERICAN HOME PRODUCTS CORPORATION, Appellee.**

**Patent Appeal No. 6573.**

United States Court of Customs and Patent Appeals.
July 6, 1960.

---

---

Brezina & Buckingham, John Charles Brezina, Chicago, Ill. (John F. Brezina, Chicago, Ill., of counsel), for appellant.

Mortimer Altin, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPAT-RICK.*

MARTIN, Judge.

■ This appeal raises the question, under Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d), whether "Phenistan" when applied to a "Medicinal preparation used for relief of nasal congestion

* United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 United States Code.

1. Reg. No. 507,057, issued February 22, 1949, as amended February 12, 1957.

---

accompanying the common cold, rhinitis, sinusitis, and used in the treatment of spasmodic bronchial coughs," so resembles "Phenergan," a "Product having antihistaminic properties * * *," as to be likely to cause confusion or mistake or deception of purchasers. The Trademark Trial and Appeal Board found that confusion was likely and accordingly sustained appellee's opposition to the registration of "Phenistan." Appellee-opposer, the owner of the "Phenergan" registration [1] is concededly the prior user.

The board correctly found that "Phenergan" is sold in various forms only on prescription, that since 1951 over 3½ million dollars have been spent in advertising "Phenergan" products by various means, and that since that time over 11 million dollars worth of those preparations have been sold. "Phenistan" was also found to be dispensed only on prescription and to have been used continuously since September 1955, the date of first use alleged by appellant-applicant.

Over thirty registrations utilizing "Phen" as a syllable for pharmaceutical and medicinal products and several pages taken from the 1957–1958 "American Druggist Blue Book" and the "1957 [2] Drug Topics Red Book" listing marks and names embodying "Phen" as a prefix thereof for medicinal preparations were considered by the board to be "irrelevant, since any possible meaning of 'Phen' is immaterial if the marks as a whole are likely to cause confusion or mistake."

Its conclusion was that

"The marks here involved are 'Phenistan' and 'Phenergan', and the resemblances therebetween in both sound and appearance are such that

2. The board, in its decision stated the Red Book date to be 1958. Since the only Red Book pages of record are those of 1957, it appears that the board considered those instead of the 1958 pages.

**150**

confusion or mistake would be reasonably likely to occur."

Appellant argues that because so many marks and generic names in the medicinal field utilize "Phen" as a prefix or syllable thereof, as well as because so many of them have other marked similarities to "Phenergan," those who deal with the marks on the parties' prescription goods, skilled persons such as physicians, pharmacists and those working in medical institutions, are "conditioned" to distinguishing between marks of that nature and, therefore, the "Phenergan" mark must be considered weak and as such, must be accorded a scope of protection commensurate with that fact. There is nothing of record, it is said, to indicate that the skilled class of persons dealing with the goods or the channels of trade in which the products are sold is likely to change. For these reasons appellant urges us to find that likelihood of confusion is nonexistent.

Appellee argues that since the quantum of use of the marks and names incorporating "Phen" as a syllable thereof has not been shown, conditioning of purchasers' minds to distinguish between such marks cannot be presumed. It is urged that "Phen" is neither descriptive nor suggestive. Appellee points out that the goods, although not identical, are similar and that the marks, when considered in their entireties, look and sound so much alike that there exists the likelihood of confusion which is contemplated by Sec. 2(d). It further argues that the fact that there are other marks used on medicinal preparations similar to those at bar is no reason to add to the confusion which they might cause, especially when dealing with pharmaceuticals and medicinals where, if there is any reasonable likelihood of confusion, applicant's registration must be refused.

Since the goods marketed under the "Phenistan" and "Phenergan" marks have at least some common therapeutic effects, for the purpose of resolving the issues herein the two products will be considered to be the same. At the time this controversy arose both drugs were dispensed only on prescription, which would indicate that the general public would be protected from purchaser confusion. Appellant contends that likelihood of confusion is remote because the marks would be used only by physicians, pharmacists, and other skilled personnel, who are discriminating. However, we cannot predicate our decision on the assumption that this method of selling will continue indefinitely, since it is conceivable, and in fact it is so admitted in a stipulation, that in the future one or both drugs may be sold over the counter in pharmacies.

Coming now to the consideration of the words themselves, although the evidence introduced by appellant shows that the common prefix "Phen" has been used in many trademarks registered for medicinal products as well as in many more marks listed in druggists' manuals, this court has held that if the words in issue, when considered in their entireties, are likely to cause confusion, the fact that they have common syllables or prefixes which are common in other marks in the field is not controlling. Meyer Chemical Co. v. Anahist Co., Inc. (Warner-Lambert Pharmaceutical Co., Assignee, substituted), 263 F.2d 344, 46 CCPA 784; Sundure Paint Corporation v. Maas & Waldstein Co., 267 F.2d 943, 46 CCPA 926.

Besides having the identical prefix "Phen," "Phenergan" and "Phenistan" each have three syllables and end in "an." Although their second syllables and the first letters of their third syllables are different, we believe, when considering the two words in their entireties, that they are quite similar in sound and appearance.

We are of the opinion under all of the circumstances of this case that appellant's mark so resembles that of appellee that when applied to appellant's goods it is likely to cause confusion or mistake or deceive purchasers. We therefore affirm the decision of the Trademark Trial and Appeal Board.

Affirmed.