54 CCPA
**LILLY PULITZER, INC., Appellant,**

v.

**LILLI ANN CORPORATION, Appellee.**

**Patent Appeal No. 7754.**

United States Court of Customs
and Patent Appeals.

April 27, 1967.

Robert C. Garber, Harvey B. Jacobson, Washington, D. C., for appellant.

Harold R. Regan, San Francisco, Cal., for appellee.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board, 145 USPQ 232, sustaining appellee's opposition to appellant's application for registration of the trademark "THE LILLY" for women's dresses. The opposer is the owner of the trademark "LILLI ANN" for women's wearing apparel including dresses. There is no question that the opposer is prior in use and that the parties' goods and customers are, at least in part, the same.

The sole issue is whether the applicant's trademark so resembles that of the opposer as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive. The board, one member dissenting, found that there would be a likelihood of confusion, and we agree.

We note that the dominant parts of the two marks are pronounced the same and look alike, that "LILLY" is a shortening of Lillian, and that it is not an infrequent practice with ladies' clothing to identify it with its designer. Hence, the reference to a feminine name could be taken by the customer as identifying the designer, and it seems likely that a customer, having read an advertisement for "LILLI ANN", might reasonably assume that she had found the advertised goods when she found them with the trademark "THE LILLY."

The applicant complains that the decision of the board unduly stresses the fact that the two marks are susceptible of the same connotation and fails to give weight to a number of third-party registrations introduced into evidence in which the dominant words are Lily, Lilly, or

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

Lilli. In view of the obvious similarity of appearance and sound of the two marks, we think that, while the similarity of connotation was a factor in the board's decision, it was neither the principal nor the only basis for it.

 All that the third-party registrations demonstrate is that their owners believe the term "LILLY" to be appropriate for a trademark for women's dresses. The question still remains whether the marks viewed as a whole are confusingly similar. The existence of third-party registrations of similar marks has very little weight on this question. As pointed out in In re Helene Curtis Industries, Inc., 305 F.2d 492, 49 CCPA 1367 the existence of these registrations is not evidence of what happens in the market place or that customers are familiar with their use. Moreover, as the court held there, the existence of confusingly similar marks already on the register will not aid an applicant to register another confusingly similar mark.

The decision of the board is affirmed.

Affirmed.

RICH, Judge, concurs in the result.