56 CCPA

INDEPENDENT GROCERS' ALLIANCE DISTRIBUTING CO., Appellant,

v.

POTTER–McCUNE COMPANY, Appellee.

Patent Appeal No. 8073.

United States Court of Customs and Patent Appeals.

Dec. 19, 1968.

Lloyd C. Root, Daniel V. O'Keeffe, Marzall, Johnston, Cook & Root, Chicago, Ill., for appellant.

S. Stephen Baker, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND and BALDWIN, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board sustaining an opposition by Potter-McCune Company to Independent Grocers' Alliance Distributing Co.'s application [1] to register the trademark MASTER CHEF for goods described as "fresh meat," asserting use since April 23, 1962. Appellee, Potter-McCune Company, opposed on the ground of likelihood of confusion, based upon its registered trademark MASTER CHEF [2] for "canned fruits and

vegetables, coffee, and tomato juice," asserting use since 1933.

Appellee's priority being unquestioned, the sole issue is whether there is a likelihood of confusion between appellant's MASTER CHEF for fresh meat [3] and appellee's MASTER CHEF for canned fruits and vegetables, coffee and tomato juice. The board found that there is a likelihood of confusion, and we agree.

Appellant introduced below a number of third party registrations [4] for the purpose of showing that appellee's mark is weak and, therefore, only entitled to a narrow scope of protection. However, if the mark, when applied to applicant's goods, is likely to cause confusion, third-party registrations of the same or similar marks on related goods are not controlling. Chicago Pharmacal Co. v. American Home Products Corp., 47, 280 F.2d 148, CCPA 1149 (1960). Third-party registrations are but one factor to be considered in determining likelihood of confusion; and the existence on the register of similar marks on the same goods or the same mark on similar goods will not aid an applicant if the mark, when applied to the goods, will nevertheless create a likelihood of confusion. Lilly Pulitzer, Inc. v. Lilli Ann Corp., 376 F.2d 324, 54 CCPA 1295 (1967). Appropriation of a prior user's mark cannot be sanctioned solely on the basis of third party registrations. Clinton Detergent Co. v. The Proctor & Gamble Co., 302 F.2d 745, 49 CCPA 1146 (1962).

Appellant argues that appellee is not entitled to monopolize the mark

1. Serial No. 146,291, filed June 6, 1962.

2. Registration No. 637,805, issued November 27, 1956. Appellee's registered trademark includes a design as shown below, but the design is inconsequential here.

3. Appellant's remarks and arguments concerning fresh *gourmet cuts of* meat and

the use of MASTER CHEF with another mark, is irrelevant since appellant seeks to register only MASTER CHEF for "fresh meat," broadly.

4. Of the twenty-seven third party registrations in the record, twenty-five merely include either the word "Master" or the word "Chef," No. 625,114 is CHEFMASTER for *"food colors,"* and only No. 692,531 is *MASTER CHEF* for "sugar wafers."

MASTER CHEF for *all* food items regardless of their specific differences. However, in the case at bar, appellee is not claiming such broad "monopoly" rights; rather, appellee asserts a likelihood of confusion between the mark as applied to its own goods and to fresh meat. As the board found, "The goods here involved are all staple food products which are sold in the same retail outlets to the same average purchasers, and they may be used conjointly in the preparing of meals." We believe that the use of the same mark on the goods here is likely to cause confusion notwithstanding the differences in the goods. See B. Fischer & Co., Inc. v. Monroe Turkey Processing Plant, Inc., 115 USPQ 295 (1957), involving ASTOR for frozen turkeys and for herbs and seasoning used in preparing turkeys for roasting; Anderson, Clayton & Co. v. The Quaker Oats Company, 128 USPQ 296 (1961), involving LIFT for breakfast cereal and for salad oil, vegetable oil shortening and margarine; and Forst Packing Co., Inc. v. Antrim & Sons, 118 F.2d 576, 28 CCPA 1005 (1941), involving applicant's MANSION BRAND for beef, bacon, bologna, frankfurters and meat loaves consisting of a mixture of beef and pork and opposer's OLD MANSION for coffee, spices and rice.

Appellant advises us that the Patent Office has registered MASTER CHEF for sugar wafers and had no objection to the appellant's registration of that mark, when limited to *fresh* meat, in both instances over appellee's registration. Presumably, appellant urges both that it is "Patent Office policy" to register MASTER CHEF for *different* foods and that the Patent Office, having special expertise in this field, is of the view that MASTER CHEF, applied to *different* foods, would not be likely to cause confusion. Whatever inference appellant would prefer us to thus draw is somewhat dispelled by the present board decision and by Potter-McCune Company v. C & T Refinery, Incorporated, 140 USPQ 689 (1963), wherein the board refused registration of MASTER CHEF for vegetable oils and all purpose oil over Potter-McCune's registered mark asserted here.

The decision of the board is affirmed.

Affirmed.

WORLEY, C. J., concurs in the result.